1  McGREGOR W. SCOTT
   United States Attorney
2  SAM STEFANKI
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
6  Attorneys for Plaintiff
   United States of America



**FILED**
Nov 05, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO § 2703(d) RE THE FACEBOOK ACCOUNT IDENTIFIED BY THE USERNAME esmith32881 | CASE NO.  2:20-sw-1028-CKD

APPLICATION FOR AN ORDER COMMANDING FACEBOOK, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF AN ORDER PURSUANT TO § 2703(d) AND ATTACHMENT A

**UNDER SEAL** |

## I.   APPLICATION

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d).  The proposed Order would require Facebook, Inc., a business located in Menlo Park, California, to disclose certain records and other information pertaining to the Facebook account identified by the username esmith32881 as described in Part I of Attachment A.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

## II.   LEGAL BACKGROUND

1.   Facebook, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require Facebook, Inc. to disclose the

items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); *id.* § 2703(c)(1) (Part II.B of Attachment A).

2. The Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See id.* § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See id.* § 2711(3)(A).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  *Id.* § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### III.   RELEVANT FACTS

4. The United States is investigating a series of wildland fires set on land in the Shasta-Trinity National Forest.  The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 1855.  The United States charged Eric Michael Smith with four counts of violating § 1855 earlier this year.  *See United States v. Smith*, No. 2:20-cr-00187-KJM.  In addition to these four counts, the United States is continuing to investigate many other arson fires set between 2016 and 2020, fires that agents determined were consistent with Smith's fire-setting pattern and were set in the same general geographic area as the four fires Smith is charged with setting.

5. There are reasonable grounds to believe the records described in Attachment A are relevant and material to an ongoing criminal investigation.  Between July 3 and July 29, 2020, U.S. Forest Service agents conducted surveillance of Smith.  During this time period, Smith set at least three wildland arson fires on the Shasta-Trinity National Forest using a white Acura sedan to transport himself to the scene of his arsons.  On July 29, 2020, law enforcement agents arrested and questioned Smith.  In the course of this interview, Smith told agents that he used Facebook's Marketplace feature to purchase the white Acura sedan that is an instrumentality of the crimes Smith is charged with committing.  Federal law enforcement agents conducted additional investigation of Smith's activities following his

arrest; in doing so, agents determined that Smith maintains a Facebook account associated with the username esmith32881.  Also on July 29, 2020, law enforcement agents executed search warrants at Smith's residence and recovered multiple electronic devices such as cellular telephones and tablet computers.

### IV.     GOVERNMENT REQUESTS

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, this information will help the United States determine the nature and scope of Smith's arson-related activities prior to the series of fires he is charged with setting in June and July of 2020.  Accordingly, the United States requests that Facebook, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

7. The United States further requests that the Order require Facebook, Inc. not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for 180 days from the date of the order, unless extended.  *See* 18 U.S.C. § 2705(b).  This Court has authority under § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*  In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation of a defendant who was found to possess multiple electronic devices, admitted to starting numerous fires in the national forest, and is not currently in law enforcement custody.  Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving the defendant an opportunity to destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See id.* § 2705(b)(3), (5).  Some of the evidence in this investigation is stored electronically.  If alerted to the investigation, the subject under investigation could destroy that evidence, including information saved to his personal computers and electronic devices.

///

///

8. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: November 4, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and information associated with the Facebook account identified by the username esmith32881.

**II. Records and Other Information to Be Disclosed**

Facebook, Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period between September 20, 2016, and July 29, 2020:

A. The following information about the customers or subscribers of the Account:
   1. Names (including subscriber names, user names, and screen names);
   2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   3. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   4. Length of service (including start date) and types of service utilized;
   5. Telephone or instrument numbers (including MAC addresses);
   6. Other subscriber numbers or identities (including the registration IP address); and
   7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:
   1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; e-mail headers; access and activity logs; deletion and change logs; accounts associated by cookie, SMS number, recovery e-mail, or IP address; the date, time, length, and method of connections; data transfer volume; user names; and source and destination IP addresses; and
   2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).